## REBERSAK, Ex Parte, Petitioner.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 24546. Decided May 22, 1958.

Lawrence Landskroner, Arter, Hadden, Wykoff & Van Duzer, of Counsel, Walter A. Bates, for petitioner.

Harrison, Spangenberg & Hull, of Counsel, Craig, Spangenberg, Gobozy & Weiss, of Counsel, William A. Weiss, for defendant.

## OPINION

By KOVACHY, J:

This is an original action in habeas corpus to discharge petitioner who is under constructive arrest and custody of the Sheriff for refusing

to answer a question in a deposition hearing before a notary public, when instructed so to do.

Victor Rebersak, the petitioner, is party plaintiff in a lawsuit in the Common Pleas Court of Cuyahoga County involving an accident between a car driven by him and a car driven by defendant. He was summoned to the deposition hearing to testify as if on cross-examination.

An excerpt of the proceedings containing the pertinent testimony reads as follows:

"CROSS-EXAMINATION OF VICTOR REBERSAK.

"BY MR. SPANGENBERG:

\*       \*       \*       \*       \*

"Q. Did the officer ask you to take an alcohol test?

"MR. LANDSKRONER:  Objection.

"A. Yes.

"Q. And did you take one?

"MR LANDSKRONER:  Objection.

"THE WITNESS:  Do I have to answer that?

"MR. LANDSKRONER:  You can answer yes or no.

"A. No, sir, I did not.  And the reason why—

"MR. LANDSKRONER:  He is not asking for the reason.  See, you just answer the question.

"Q. I will get to that.

"A. All right.

"Q. And what was your reason for refusing to take an alcohol test?

"MR. LANDSKRONER:  Instruct the witness not to answer on the advice of counsel.

"THE WITNESS:  Do I have to answer that?

"MR. LANDSKRONER:  Pardon?

"THE WITNESS:  Shall I answer that?

"MR. LANDSKRONER:  No, you needn't answer.

"MR. SPANGENBERG:  Will you state the reasons for your objection, Mr. Landskroner?

"MR. LANDSKRONER:  I don't think it has anything to do with this accident and it's not material to it.

"MR. SPANGENBERG:  Will you instruct the witness to answer the question?

"THE NOTARY:  I instruct you to answer the question.

"MR. LANDSKRONER:  He refuses to answer the question on advice of counsel.

"MR. SPANGENBERG:  All right, we will prepare a mittimus and have the witness arrested, delivered to the custody of the Sheriff for contempt until he answers.

"THE WITNESS:  Shall I answer this question?

"MR. SPANGENBERG:  Mr. Landskroner would rather have you go to jail and that's where you are going.

"MR. LANDSKRONER:  Do you mind?

"THE WITNESS:  Certainly I mind.

"MR. LANDSKRONER:  All right.

"THE WITNESS:  I mean I feel—

"MR. LANDSKRONER: You just sit there.

"* * '

"THE WITNESS: That's all?

"MR. SPANGENBERG: That's all Bill. Mark it continued.

"THE NOTARY: Okay.

"(Thereupon, at 2:40 p. m., an adjournment was taken to a time to be agreed upon by counsel.)"

The sole question presented to this court for determination in this matter is whether or not the party under the circumstances was required to answer the question:

"**And what was your reason for refusing to take the alcohol test?**" (Emphasis ours.)

The taking of a deposition of.an adverse party, **as if on cross-examination**, is in the nature of a proceeding of discovery. **17 O. Jur. (2d) 283.** And the rule with respect to the taking of testimony in a Bill of Discovery has always limited the testimony in such proceeding to matters **material and pertinent** to the issues in this case. 17 Am. Jur. 16, Section 12; 58 A. L. R. 1263. **In Ex Parte Schoepf, 74 Oh St 1,** 77 N. E. 276, the Supreme Court stated the law in **paragraph 1** of the syllabus:

"1. The clause in §5247 **R. S.,** 'which he may be compelled to produce as evidence,' and as used in **In re Rauh, 65 Oh St 128,** must be construed with §5289 **R. S.,** and is therefore limited to evidence pertinent to the issue, in cases and under circumstances where a party might heretofore have been compelled to produce the same by the ordinary rules of proceeding in chancery."

(Comparable sections today are §§2317.13 and 2317.32 **R. C.**)

See **In re Deye, 85 Oh Ap 302,** 88 N. E. (2d) 60.

Was the answer to the question propounded to the petitioner lawfully ordered? Stating it another way, was the question asked of the petitioner pertinent to the issues in the case or material and relevant to defendant's case in the tort action pending in the Common Pleas Court? The issues in that action are negligence, proximate cause and damage.

The petitioner had been asked by the police to take an alcohol test and had refused. He was under no compulsion under the law to take such test. The police consequently can request but cannot demand that an alcohol test be taken by a person. Compliance therewith must be the free act of the individual involved and wholly voluntary.

It is our view, therefore, that every person has the absolute right to refuse a request to take an alcohol test and that his refusal has no legal effect or consequence whatever. What pertinency or relevancy to the issues of a case then can the **reason** for such refusal have under those circumstances? Clearly, it is without significance and can have no bearing on any phase of the case in chief. Furthermore, it seems to us that an answer to this question might well open the door to a general discussion of the nature and efficacy and other aspects of the alcohol test, which would be entirely incompetent unless testified to by an expert witness.

The writ, accordingly, is allowed and petitioner ordered released from custody.

SKEEL, PJ, HURD, J, concur.